**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RAYMOND E. LOPEZ,** | **No. C 13-4879 TEH (PR)** |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| **DAVE DAVEY, Warden,** | |
| Respondent. | |

Petitioner, Raymond E. Lopez, a California state prisoner, has filed a <u>pro se</u> Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from the Santa Clara County Superior Court. He has been granted leave to proceed <u>in forma pauperis</u>.[1]

I

According to the Petition, in October 2009, Petitioner was convicted of two counts of attempting to dissuade a witness from reporting a crime and one count of arson. The jury also found true allegations that the offenses were committed for the benefit of a

---

[1] Petitioner initially named Greg Lewis, former warden of Pelican Bay State Prison, as the respondent in this action. The California Department of Corrections online inmate locator service confirms that Petitioner has been transferred to California State Prison – Corcoran ("Corcoran"). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Dave Davey, the current warden of Corcoran, is hereby SUBSTITUTED as Respondent in place of Petitioner's prior custodian.

criminal street gang. He was sentenced to an indeterminate term of fourteen years to life plus a consecutive determinate term of seven years, in state prison, which was to run consecutive to his sentences in two unrelated cases – for a total indeterminate term of thirty-nine years to life consecutive to a determinate term of ten years.

The California Court of Appeal found an error with one of the dissuasion counts insofar as the jury found it was committed for the benefit of a criminal street gang under California Penal Code section 186.22(b)(4). The Court of Appeal found the trial court did not give an instruction requiring the jury to determine whether Petitioner's act was accompanied by a threat of force or violence as required by section 186.22(b)(4). Because the gang statute imposes greater penalties, the Court of Appeal therefore remanded for possible retrial on one of the dissuasion counts, and, if the prosecution elected not to re-try him, directed the trial court to re-sentence Petitioner. The Court of Appeal affirmed as to the second dissuasion count and affirmed in all other respects, and the California Supreme Court denied review. Petitioner was re-sentenced in December 2012. The instant federal petition for a writ of habeas corpus followed.

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas relief on the following claims:

1. The trial court erred in giving a special instruction regarding the specific intent element of the gang allegations;

2. There was insufficient evidence to support the specific intent element of the gang allegations;

3. There was a failure to plead and instruct the jury on the "proof of threats" element, required to convict Petitioner of dissuading a witness for the benefit of a criminal street gang;

4. The gang expert provided improper opinion testimony;

5. The gang expert should not have been allowed to testify about a gang slogan; and

6. The cumulative effect of these errors deprived Petitioner of due process and a fair trial.

Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit and Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

III

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this

3

Order and the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent Warden Davey and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

   2. Respondent shall file with the Court and serve on Petitioner, within sixty-three (63) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

   If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within twenty-eight (28) days of his receipt of the Answer.

   3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty-five (35) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fourteen (14) days of receipt of any Opposition.

   4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the

document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address by filing a separate document entitled "Notice of Change of Address."

5.  The Clerk is directed to substitute Warden Dave Davey on the docket as the Respondent in this action.

IT IS SO ORDERED.

DATED   07/07/2014

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Lopez 13-4879.OSC.wpd

5